United States District Court
Middle District Tennessee

RECEIVED
IN CLERK'S OFFICE
SEP 1 4 2015
U.S. DISTRICT COURT
MID. DIST. TENN.

) Craig Cunningham
) Plaintiff, Pro-se
)
) v. corporation
) corporation
)
) Trilegiant, Quality Resources, Inc., Loyalty Solutions, LLC David Swanson, ~~[redacted]~~ Keranique, LLC, Hydroxatone, LLC, Bellaplex, LLC, Thomas Shipley, Andrew Surwilo, Sempris, LLC, Atlantic Coast Media Group, LLC
) John/Jane Doe 1-10
) Defendants.

CIVIL ACTION NO.

## Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Trilegiant Corporation is a Delaware corporation with a headquarters in Conneticut operating from 6 High ridge Park, Stamford, CT 06905 and a registered agent of Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

3. Quality Resources, Inc., is a Florida corporation operating from 19321C US Highway, 19 N Suite 200, Clearwater, FL 33764 and can be served via registered agent: Greenspoon Marder, PA, 100 W. Cypress Creek Road, ste 700, Ft. Lauderdale, FL 33309.

1

4. Loyalty Solutions, LLC is a Conneticut corporation operating from 350 Fairfield Ave, ste 400 Bridgeport, CT 06604 with an agent for service of process: David swanson, 6 Ridge Dr., West Port, CT 06880

5. David Swanson is the CEO and officer of Loyalty Solutions, LLC and can be served at either 6 Ridge Dr., West Port, CT 06880 or 350 Fairfield Ave., ste 400, Bridgeport, CT 06604.

6. Bellaplex, LLC is a New Jersey Corporation operating from PO box 1366 Hoboken, NJ 07030 and can be served at this address.

7. Hydroxatone, LLC is a New Jersey Corporation operating from PO Box 1366, Hoboken, NJ and can be served at this address.

8. Keranique, LLC is a New Jersey Corporation operating from PO Box 1366, Hoboken, NJ 07030 and can be served there as well.

9. Bellaplex, LLC is a New Jersey Corporation operating from PO Box 1366 Hoboken, NJ 07030 and can be served at this address.

10. Thomas Shipley is an officer for Keranique, LLC, Bellaplex, LLC, Hydroxatone, LLC, and Atlantic Coast Media Group, LLC and can be served at PO Box 1366, Hoboken, NJ 07030.

11. Andrew Surwilo is an officer for Keranique, LLC, Bellaplex, LLC, and Atlantic Coast Media Group, LLC and can be served at PO Box 1366, Hoboken, NJ 07030.

12. Atlantic Coast Media Group, LLC is a New Jersey Corporation operating from PO Box 1366, Hoboken, NJ 07030 and is the parent company for Keranique, Bellaplex, and Hydroxatone, LLC's .

2

13. Sempris, LLC is a Minnesota corporation operating from 10900 Wayzata Blvd., Hopkins, MN 55305 and can be served there.

**Jurisdiction**

14. Jurisdiction of this court arises as the acts happened in this county

15. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

16. The Defendants regularly had calls placed for their benefit or on their behalf to Tennessee residents for the purpose of soliciting residents to buy their alarm monitoring services and alarm systems sold through SafeGuard America. Additionally, Tennessee residents were hired as agents to conduct installation in Tennessee of the alarm systems.

**FACTUAL ALLEGATIONS**

17. In 2015, the Plaintiff recieved multiple phone calls from a company offering a free gift card and promotion ot the Plaintiff. This is typical of "negative option marketing" where a consumer must opt out of future charges or they will be charged for a program. These programs have frequently drawn scrutiny from the FTC and multiple class action lawsuits for deceptive marketing practices. The calls were placed to the Plaintiff's cell phones 615-331-7262 and 615-212-9191.

18. The Plaintiff then recieved additional automated calls from companies owned/operated by Atlantic Coast media regarding several beauty/hair creams such as Bellaplex, Keranique, and Hydroxatone.
19. In the calls, the agents initially offered a free gas voucher and american express gift card for doing a trial as long as the Plaintiff covered a nominal fee for shipping. Companies do this to verify the Plainitff has a credit/debit card to ensure future billing.
20. The Plaintiff also was solicited to buy products offered by Trilegiant such as "Great Fun" and "Shoppers advantage" which are websites that offer savings programs. The websites are www.greatfunsite.com and www.shoppersadvantage.com
21. The Plaintiff would be called and pitched one set of products, such as Great fun and then would be called back again later thanking him for a purchase and then offering additional products on a trial basis.
22. The promotions were deceptive as for example the $100 in gas coupons were only good for 3 months at a time, for example $25 for gas purchases from January through March and another $25 reimbursement for reciepts from April through June. The Plaintiff would have to submit reciepts for reimbursement, and the Plaintiff would have to remain a member of the program paying well beyond the trial period to recoup the entire $100 in gas vouchers.
23. These calls were placed by third parties on behalf of Trilegiant and Atlantic Coast Media by at a minimum included Quality Resources Inc, although

4

many of the agents didn't directly identify themselves or the company they were working for as required by the TCPA.

24. Incredibly, the Plaintiff previously sued Trilegiant for illegal telemarketing and despite the previous lawsuit, Trilegiant continues to use the same marketing companies making the same illegal telephone calls to consumers including the Plaintiff. The previous case was 3:14-cv-02181.

25. One of the other programs offered was named "Everyday Beauty" which is operated by Loyalty Solutions, LLC.

26. Another program offered was named Budget Savers, which is operated by Sempris, LLC. The website stated was www.budgetsaversonline.com

27. The individual corporate officers and managers of each of the corporate entities are liable for the calls placed on behalf or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

28. The individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes them personally liable for the telephone calls made on their behalf and for their benefit.

29. The Plaintiff is not in need of a beauty products or a savings club. The Plaintiff did not contact anyone to solicit to request calls to his cell phone for assistance in obtaining beauty products or a savings club. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never

5

gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system.

30. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5). Additionally, each product offered by each company represents a new cause of action entitling the Plaintiff to $3,000 per call per defendant.

31. The Plaintiff alleges direct liability for the listed corporations and the officers of the corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

32. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers

6

set company policy and directed the marketing efforts of the respective companies.

## Vicarious Liability

33. In making these calls, the calling entity was essentially marketing the products offered by Trilegiant, Sempris, Loyalty Solutions, and Atlantic Coast Media through their agency relationship with both companies. The 6th circuit as well as multiple other courts have ruled that there is direct liability to include for corporate actors such as executives like and vicarious liability for corporations that ultimately benefit or sell services/products illegally marketed by 3rd parties. The parties are also jointly and severally liable for the phone calls as well.

34. Similarly, the calls were placed with apparent authority, actual authority, and the ratification of Trilegiant Sempris, Loyalty Solutions, and Atlantic Coast Media and the respective executives/officers of the corporation. These companies knew of the illegal conduct by the entities placing the calls to include quality resources and refused to exercise control or authority over Defendant Safeguard to reduce or eliminate the improper sales methods.

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

35. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

37. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C. Pre-judgment interest from the date of the phone calls

8

D. Attorney's fees for bringing this action; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted September 8th 2015

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211

9